THE MARINE BANK OF CHICAGO, Plaintiff in Error, *v.* WILLIAM BIRNEY, Defendant in Error.

ERROR TO THE SUPERIOR COURT OF CHICAGO.

Where a bank receives a sum on deposit generally, it is bound to respond to the depositor, for a like sum in good funds.

A local custom of bankers is not admissible, to alter an agreement.

THE facts of this case are fully stated in the opinion of the court, by Mr. Justice WALKER.

The finding and judgment of the court below, were in favor of the defendant in error.

McCAGG & FULLER, and T. HOYNE, for Plaintiff in Error.

SCATES, McALLISTER & JEWETT, for defendant in Error.

WALKER, J.   This was an action of assumpsit.   The declaration only contained the common counts.   On the trial, in the court below, appellee offered and read in evidence, against the objection of appellant, this instrument in writing :

"MARINE BANK OF CHICAGO,
CHICAGO, ILLS., April 17, 1861.
" WILLIAM BIRNEY—*Dear Sir :*  I credit your account this day eight hundred and seventy-six dollars, received from yourselves, in Illinois currency.
Respectfully Yours,
H. B. DOX, *Cashier.*"

He also proved, that at the time this instrument was given, he deposited with appellant eight hundred dollars in exchange on New York, and this instrument was then given as a receipt for that sum.   The evidence also shows, that appellee received, subsequently to that time, seventy-six dollars in depreciated bank paper, worth forty-one dollars and eighty cents, which left of the original sum, if the payment be allowed at its cash value, the sum of $758.20 with accruing interest, which appellee stated on the trial was all he claimed to recover.   Appellant offered to prove, that when the deposit was made, he allowed appellee the difference between New York exchange and Illinois bank bills, and that by the custom of bankers in Chicago, such deposits were payable in depreciated bills on Illinois banks.   That he had offered to pay this deposit in such bills, worth sixty or seventy cents on the dollar, when payment was demanded.   The court found for appellee the amount he claimed, for which judgment was rendered.

Even conceding that the letter of advice was inadmissible, under the money counts, which is not decided, still there was an abundance of proof to sustain the judgment, independent of the instrument.   Other proof shows, that appellant received of appellee, eight hundred dollars in exchange on New York, which was no doubt equal in value to coin, as no effort was made to prove the contrary.   But it is urged, that as the credit was given on appellee's deposit account, at its value in depreciated Illinois bank paper, that he was bound to receive such bills, without reference to their further depreciation.

If this had been a special deposit of such bills for safe keeping, or the contract had been to receive such bills at their nominal value, this position would have been undeniably true. But such does not appear to have been the character of the transaction. This was a deposit in funds no doubt equal in value to coin, and was to be used by the bank as it used its other funds, and for which it became indebted to appellee. Appellant received eight hundred dollars from appellee, and became indebted to him for at least that sum, if not for the amount placed to his credit. There is nothing in the letter of advice, which in any degree indicates that appellee was to be responsible for any depreciation that might take place in the kind of funds deposited. It is not stated that it is payable in such funds, nor does the proof show any such agreement. It states that a certain number of dollars had been received, and whether that amount was received in bank paper, in cattle, horses, grain or other commodity, could not change the liability to pay the number of dollars received.

If an inference could be drawn that this deposit could be paid in anything but coin, it could be no more than that the sum deposited could be paid in currency of equal value to coin, or the full amount of the credit, in paper of equal value to that received. But the liability is for money, and not for bank bills. The recovery seems to us to be just, and violative of no rule of law. The bank by this judgment is only required to repay the same value which it received.

The evidence as to custom of Chicago bankers was properly rejected. Appellant had no right to alter, change or modify the agreement by the proof of a custom. (*Marine Bank* v. *Chandler*, 27 Ill. 525.) The credit was given for dollars, and proof could not be heard to show that it could be paid in something else.

The judgment of the court below is affirmed.

*Judgment affirmed.*