ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

MICHAEL FRELKA.

*Filed at Ottawa May 19, 1884.*

1. NEGLIGENCE—*depot grounds used in common by servants of two railroad companies — reciprocal duties of the companies towards each other's servants.* Where two railroad companies have, by agreement, a joint occupancy of depot grounds, in which their respective tracks are so situated and used that the servants of the two companies must necessarily, in the proper discharge of their duties, pass over each other's tracks, each company will owe the same duty to the servants of the other company, in the matter of observing proper care for their safety when crossing its tracks in the regular discharge of their duties, that it does to its own servants when crossing the same tracks.

2. SAME—*contributory negligence—non-observance of warning to keep off the tracks.* Where the servants of two railroad companies occupying the same depot grounds with their respective tracks, are required, in the performance of their duties, to pass over the tracks of both companies, a sign erected upon the grounds warning all persons to keep off the tracks, and informing them if they went upon them it would be at their peril, would not be regarded as applying to the servants of either company.

3. APPEAL—*the question of excessive damages.* On an appeal from a judgment of the Appellate Court affirming the judgment of the trial court in favor of the plaintiff in an action to recover damages for a personal injury occasioned by the alleged negligence of the defendant, it was assigned for error that the damages were excessive; but it was *held*, that was a question for the Appellate Court,—not this.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

The two instructions, numbered one and nine, asked in behalf of the defendant below, and refused by the trial court, are as follows:

"1.  The court instructs the jury, that upon all the evidence in this case, and under the law that fixes the rights and prescribes the duties of the parties thereto, the plaintiff

has no right to recover, and it is the duty of the jury to find the defendant not guilty."

"9. If the jury believe, from the evidence, that there were notices, in the English language, on the grounds or yards of the defendant, at its depot in Chicago, at the time and before the accident complained of, warning or notifying persons not to go upon its tracks or grounds in said yards, or in words to that effect, then the court instructs the jury that the plaintiff was bound to observe said notices, and that this is the law, even if the plaintiff could not read the language in which said notices were written or painted."

Mr. WILLIAM BARGE, for the appellant.

Messrs. BRANDT & HOFFMANN, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The present appeal brings before us for review a judgment of the Appellate Court for the First District, affirming a judgment of the circuit court of Cook county, for $5000, lately recovered in that court in an action on the case, brought by Michael Frelka, the appellee, against the Illinois Central Railroad Company, the appellant, on account of personal injuries alleged to have been caused by the negligence of the company in operating a switch engine.

The evidence in the case tends to prove that appellee, on the morning of the 18th of January, 1879, at the hour of six o'clock, or perhaps a little before, entered, by way of Randolph street, the depot grounds of the appellant and the Michigan Central Railroad Company, lying immediately south of the passenger depot of the two companies, situated on the west side of lake Michigan, in the city of Chicago, and that while attempting to cross the tracks of the defendant, to reach a caboose standing on the tracks of the Michigan Central company, he was struck, knocked down and dragged for

a considerable distance by a switch engine of the appellant, breaking and crushing the ankle and thigh bones of his right leg, and otherwise seriously injuring him, whereby he was permanently disabled, so that he is now unable to get about, except on crutches. The depot grounds where the accident happened, were, at the time it occurred, and for many years before that time had been, in the joint occupancy, use and control of the appellant and the Michigan Central company, though each company had and operated its own tracks; but in doing so, the grounds in question, for the purpose of passing and repassing in the discharge of their duties, were open alike to the servants and employes of both companies. The greater portion of these grounds lie between Randolph street, on the north, and Monroe street, on the south, if extended eastwardly, the two streets being about 1250 feet apart. The employes of the two companies living in the city, generally went by way of one or the other of these streets to the depot grounds, and consequently entered them, in either case, from the west side, as the city lies altogether west of them. The track upon which the accident happened, as well as several others belonging to appellant, lies west of most of the tracks of the Michigan Central, including the one on which the caboose was standing, and which appellee was trying to reach when struck by the engine,—consequently, the employes of the Michigan Central company, coming from the city, in order to reach the tracks of the latter necessarily had to cross the appellant's tracks. The evidence also tends to show that the Michigan Central company, at the time of the accident, and for many years previous thereto, had in its employ a considerable force of men who worked at the stock yards, south of the depot grounds, but who lived in the city, and that it was the custom for them, every morning, a little before six o'clock, to assemble at the depot grounds in question, where they uniformly found a caboose, with an engine attached, standing on some of the Michigan Central tracks, in

readiness to convey them to their work at the stock yards. At the time of the injury complained of, appellee was, and for some two months before that time had been, in the employ of the Michigan Central company, and was one of the daily force living in the city that worked at the stock yards, and at the time in question was making his way across the appellant's tracks to the caboose on the Michigan Central tracks, as heretofore stated, for the purpose of being conveyed to his work at the stock yards. By a regulation of the appellant, of many years' standing, its employes were required, when moving an engine after night, over these grounds, to keep the bell ringing and the head-light burning, and this regulation, as a general rule, had theretofore been strictly observed by the employes of the company, though in the present instance it was wholly disregarded, and we are of opinion, under the evidence, the jury were warranted in concluding, as they probably did, the accident was occasioned by its non-observance. The evidence also tends to show appellee, in crossing appellant's tracks between five and six o'clock in the morning, as he did, had no reason, from the usual course of business of the company, to expect any of its trains or engines would be moving at that time, as it appears to have been a matter of rare occurrence for them to be in motion at that hour. Nevertheless, appellee does not appear to have been any the less careful on this ground, for he testifies that just before receiving the injury he cast his eyes up and down the tracks as far as he could, but was unable to see or hear anything to warn him of the approach of the engine, which immediately thereafter struck him down.

The foregoing is a general outline of the facts as claimed by appellee to be established by the evidence. Whether this claim is well founded, is not for us to say. That was a question for the lower courts, which has been decided adversely to the appellant, and we are not permitted to review it. Notwithstanding, much of the argument of counsel in this case

is devoted to a discussion of the weight of evidence upon questions of controverted facts, with which we have not the slightest concern, and we must therefore decline to follow them in that discussion. As an illustration of this, counsel for appellant, at the very threshold of his argument, premises that appellee, at the time of the injury, "was not in the service of the defendant, and never had been; that he was not intending to enter any car or caboose of the defendant; that he was on no business of appellant, and that it held out no inducement for him to go across its tracks; that he was not upon the depot grounds by any license, express or implied, from appellant." Most of these statements may be admitted to be true, and really are true. But counsel, in an argument addressed to this court, is certainly not warranted in making the last statement. Whether the appellee was upon the depot grounds, at the time of the accident, by the license or consent of the appellant, was a mixed question of law and fact, which the jury, under the circumstances, were bound to pass upon, and must necessarily have found in appellee's favor, and so we must assume in our disposition of the case. When these two companies agreed, as the circumstances clearly show they did, to a joint occupancy of the depot and depot grounds, and located their tracks as we now find them, they were bound to know their business could not be successfully carried on without their respective servants, in the discharge of their duties, having to pass over each other's tracks, and hence it is but reasonable to conclude they impliedly consented this might be done, and the fact that this was done for so many years, without objection, affords the strongest evidence this was the understanding of the parties. But as before stated, these were matters of fact, for the circuit and Appellate courts, and not for us.

This vital question having been settled in appellee's favor, there is really nothing left of appellant's case, and we fail, therefore, to perceive the pertinency of the long list of author-

ities cited and commented upon in appellant's brief, to the effect that a mere trespasser or wrong-doer can not maintain an action for negligence against one who, at the time of the injury complained of, owed the plaintiff no legal duty. We do not at all question the law of the cases cited on that point, but it clearly has no application to the case before us. Under the facts, as the jury must have found, the appellant owed the same duty to the servants of the Michigan Central company, when crossing the former's tracks in the regular discharge of their duties, that it did to its own servants when crossing the same tracks.

It follows, from what we have already said, the court properly refused to give appellant's first instruction, which directed the jury to find for the defendant.

It appears, from the evidence, on the extreme west side of the depot grounds two signs were erected, warning all persons to keep off the tracks, and informing them if they went upon them it was at their peril. It does not distinctly appear who put up these signs, but we do not regard this as material, as they could not have been intended to apply to the servants of either of these companies whose duties required them to pass over the tracks. Such being the case, it follows the court properly refused to give the appellant's ninth instruction, which, in effect, told the jury appellee was bound by such warning, and had no right to go upon the tracks in question.

Other objections are taken to the rulings of the court on the instructions, but we find no merit in them. Taking the instructions as a whole, we think they fairly laid down the law applicable to the case. If there be any ground for complaint on that score it lies with the appellee, and not the appellant.

Finally, it is objected the damages are excessive. That was a question for the Appellate Court,—not this.

The judgment will be affirmed.

*Judgment affirmed.*