DANIEL M. LORD *et al.*

163  ⁻45|
71a 575|

*v.*

## THE BOARD OF TRADE OF WICHITA.

*Filed at Ottawa June 13, 1896—Rehearing denied October 21, 1896.*

1. APPEALS AND ERRORS—*questions not raised in trial court cannot be reviewed.* Legal questions which have not been raised and ruled upon as such in the trial court will not be considered upon appeal.

2. PROPOSITIONS OF LAW—*should not assume disputed facts.* A proposition presented to the court trying a case without a jury should state a rule of law only, and in no case assume the existence of facts in dispute.

3. SAME—*statement that proposition is applicable to the facts may be stricken out.* The trial court, holding a proposition of law presented to be correct, may properly strike out a statement that such proposition is applicable to the facts of the case.

4. CONTRACTS—*right of party to forfeit contract and recover payments upon default.* An executory contract whereby one of the parties agrees with the other to do a number of things, and which provides that upon failure to do any of the things mentioned the other party may recover all moneys advanced under it, may, upon a substantial default, be forfeited and a payment made thereunder recovered, although the party suing for such payment elected to rescind the contract for such default before the date of maturity of the last payment therein provided for.

5. SAME—*to transfer industries from one city to another is not against public policy.* A contract whereby parties agree to use their influence to establish in a city certain industries which such parties represent they have power to control and which they were about to establish in another city, is not void as against public policy, as involving an infliction of injury upon the city which was thereby to be deprived of such industries.

*Lord* v. *Board of Trade,* 62 Ill. App. 526, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

G. W. & J. T. KRETZINGER, for appellants.

BENTLEY & FERGUSON, and WALKER & EDDY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee brought this suit in assumpsit against appellants, partners, doing business under the firm name of Lord & Thomas. There were two special counts, in which a written contract was set out, wherein appellants agreed, in consideration of $25,000, to use their influence to establish certain industries in the city of Wichita, which they represented they had power to control and which they were about to establish in the city of Hutchinson, Kansas, and to induce capitalists to invest in real estate in said city of Wichita, and also agreed to sell real estate to be donated for the purpose, the proceeds of which were to be used to boom said city of Wichita. It was alleged that appellee paid to appellants $10,000 under the contract; that they failed to perform their agreements. The declaration contained also the common counts, among which were counts for money had and received by appellants for the use of appellee, and for interest. A jury was waived and the cause was submitted to the court for trial, resulting in a finding and judgment for appellee for $13,326.39. That judgment has been affirmed by the Appellate Court.

The arguments in this case are devoted almost exclusively to questions of fact, such as whether defendants used their best efforts and influence to boom the city of Wichita, whether there was any rescission of the contract, and whether there was evidence which would justify a recovery for money had and received.

The position of appellants, as stated by counsel, is as follows: "Appellants did not claim in the court below, and do not claim now, that the allegations of either the special counts or the common counts of the declaration are defective, or insufficient to support a judgment based upon competent evidence of such allegations. There was no question of variance between proof and pleading to

be raised in the court below, nor do we raise any such question now. We concede that all the evidence in the record was properly admitted under some count in the declaration. We do say, however, that there was no evidence admitted that supports the judgment, or proves or tends to prove all the essential elements of any ground of recovery known to the law." The question so stated by counsel was not raised in the trial court as a question of law, and it cannot be said that the court whose judgment is being reviewed has committed an error upon a question not raised in that court and on which it has made no ruling. · If the trial court is not asked to make, and does not make, a ruling upon the question whether the evidence proves or tends to prove plaintiff's cause of action, this court cannot pass upon it. (*Cothran* v. *Ellis*, 125 Ill. 496.) We must therefore decline to enter upon a consideration of the arguments upon those questions.

It is urged that the damages allowed were excessive, and it is said that the court included $3326.39 as interest. The grounds upon which damages are recoverable and the basis upon which they are to be estimated are questions of law, and if there has been an erroneous holding of a trial court upon such a question it may be reviewed by this court, but otherwise the question is one of fact. No question of law as to the amount of damages was preserved in any way in this case, and the conclusion of the Appellate Court must be regarded as final. *Illinois Central Railroad Co.* v. *Frelka*, 110 Ill. 498; *Jones* v. *Fisher*, 116 id. 68.

Complaint is made of the action of the court in modifying appellants' propositions of law numbered 1 and 3. The principles of law contained in these propositions were held by the court to be correct, but the court struck out of each a statement that the proposition was applicable to the facts of this case. Defendants had a right to deal with the facts claimed by them as hypothetical and state a rule of law as applicable to such condition of

facts, the same as in an instruction; but the proposition should present a rule of law only, and in no case assume the existence of facts in dispute. The statement that these rules were applicable to the facts of the case was equivalent to a finding of the condition of facts stated in the proposition, and it was not error for the court to strike out that statement.

We have considered all questions presented for our consideration which we are at liberty to investigate, and finding no error in respect to them the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Upon consideration of the petition for rehearing in this cause the following additional opinion was filed:

Per CURIAM: Appellants complain in a petition for rehearing that the court failed to notice the refusal of the trial court of propositions numbered 5 and 9, tendered by them. No mention was made of these propositions in the division of appellants' original argument relating to the action of the trial court on propositions of law.

Under the agreement appellants were to sell for appellee real estate in Wichita, appraised by T. B. Sweet at $345,021, at a price to net appellee fifty per cent of that sum, or $172,510.50, and it was provided that if appellants failed to do any of the things mentioned for them to do, appellee should have the right to recover from them all the moneys advanced under the contract and damages for the failure. Appellants did not make any sale of any real estate, and defaulted in the first payment to be made on account thereof March 16, 1889. Proposition 5 stated that appellee had no right or authority to terminate, declare forfeited or rescind said contract by reason of said default, but that appellants had at least until the date of maturity of the last payment within which to perform on their part, and that having elected to determine or tender a rescission of said contract before

that date, appellee was left without any remedy against appellants for the breaches of contract.  On the day of the default appellants wrote to appellee asking an extension of time, but stating that of this appellee must judge for itself.  The brokers, Carr & Greenwood, who subsequently sold the real estate, would not take hold of it if appellants had any objection, and one of them, Greenwood, Jr., asked Irwin, who was in the employ of appellants in St. Louis the latter part of March, 1889, if appellants had any objection or would have any claim if he negotiated with appellee.  Irwin replied that there would be no objection, and that Greenwood could go ahead and do what he could with the property.  On March 27, 1889, appellants wrote to the brokers that appellee wished to take advantage of a technical lapse on their part, which, under the circumstances, they did not care to fight.  Later they wrote another letter, hoping that these brokers would control the property.  They had done nothing under the contract, and after the rescission mentioned in proposition 5 they did nothing and did not offer to do anything.  The contract was executory on their part, and they defaulted in a substantial part of it.  The proposition was properly refused.

By proposition 9 appellants asked the court to hold that the contract was an attempt to bind appellants to use their influence against the growth, development, prosperity and public interests of the city of Hutchinson, Kansas, and that it was therefore void, being contrary to public policy.  There was no provision of the contract which would bear such a construction.  Appellants agreed to use their influence to establish certain industries in the city of Wichita, which they represented they had power to control and which they were about to establish in the city of Hutchinson, and they agreed to withdraw from the "Hutchinson deals."  It seems they did not control any industries, but if they had they could only have located in one place.  They could not serve two masters,

163—4

and the withdrawal from Hutchinson was a necessary preliminary to the making of the contract with appellee. It is argued that such withdrawal was a part performance of the contract with appellee, but we do not so regard it. Whether it was or not, there was no stipulation to inflict any injury upon the city of Hutchinson, but only an attempt to secure the services of appellants, not to injure Hutchinson, but to aid and benefit Wichita. This was not against public policy.

The rehearing asked for is denied.

*Rehearing denied.*