No. 12,956.

JEREMIAH LYONS VS. WILLIAM H. FITZPATRICK.

| 52 | 697 |
| 123 | 692 |

SYLLABUS.

An act of sale containing a clause excluding *recourse* as well as warranty is held to mean that should the buyer be subsequently evicted he has no claim upon the seller for restitution of the price.

A PPEAL from the Civil District Court, Parish of Orleans— Theard, J.

*Richard Lyons* for Plaintiff, Appellant.

*J. Zach Spearing* for Defendant, Appellee.

*Richardson & Soule* for Howcott Land Company, called in warranty, Appellee.

The opinion of the court was delivered by

BLANCHARD, J. Plaintiff sues to recover the price paid by him to defendant for a square of ground in the city of New Orleans, from which he alleges he has been evicted.

It appears that the property had been assessed for many years to the Estate of S. Kohn and in default of the payment of taxes for 1881, 1882 and 1883 was adjudicated to the State. Later, it was offered by the State, under the provisions of Act No. 80 of 1888, and purchased by the Howcott Land Company. The Auditor of the State, on April 24, 1893, executed to that corporation a formal conveyance of the property, and in May of the same year the Howcott Land Company sold it by notarial act to Fitzpatrick, the defendant herein. The following year Fitzpatrick, by public act, conveyed his title and possession to the plaintiff. All these conveyances were duly recorded in the Conveyance office.

Something over a year later certain persons claiming ownership, brought a petitory action against him (Lyons) to recover the property.

The title of that suit was "Widow Jeanne Henriette Gardanne, et. al. vs. Jeremiah Lyons".

It was filed in the Civil District Court of the Parish of Orleans, and resulted in a decree in favor of plaintiffs, awarding them the property, subject to charges in favor of Lyons, amounting to something less than fourteen hundred dollars, on account of taxes, street assessments, etc., which he had expended in behalf of the same. This judgment was rendered in May, 1897.

Lyons did not appeal from it, and in July following the present action was brought to enforce restitution of the price he had paid Fitzpatrick.

The answer of the latter is that while he sold plaintiff the property, he did so under express exclusion of warranty and liability in language so broad and plain that plaintiff can not be held to recover even the purchase price.

He further sets up that, in addition to the exclusion of warranty, plaintiff was fully aware of whatever defects, if any, existed in respondent's title, and accepted the same with such full knowledge, and assumed the danger of eviction, purchasing at his peril and risk.

He represents he was given no notice of the suit of Gardanne et al. against Lyons, was not called upon to defend the same, nor was he called in warranty. He avers with regard to that suit that the same was not properly defended and because thereof was lost to defendant therein—plaintiff here—and sets forth in what particulars it was not properly defended.

Averring his acquisition of the property from the Howcott Land Company he calls that corporation in warranty, asking judgment against it for the sum he had paid it for the property in the event plaintiff recovered judgment against him.

The result of the trial in the court below was adverse to plaintiff and he prosecutes this appeal.

It is true that Fitzpatrick was not called in warranty in the Gardanne suit, nor was he called upon to defend the same as he should have been, and an examination of the record of that case, which is part of the transcript of the instant case, has led to the conclusion that the judgment therein would hardly have stood the test of an appeal here had such appeal been taken.

But it is not found necessary to go into that inquiry. The case is against the plaintiff on the first defense set up in the answer.

There is found in the act of conveyance by Fitzpatrick to the plaintiff herein the following clause, to-wit:—

"This sale is made without any warranty, or recourse, on the part of the vendor herein, except only as regards his own acts and deeds."

It will be observed that this is not merely an exclusion of warranty. Were that all, well might plaintiff invoke C. C. 2505, which declares that even in case of stipulation of no warranty, the seller in case of eviction, is liable to a restitution of the price—leaving it to be determined whether he was relieved of the obligation by the plea that the buyer had purchased at his peril and risk in consequence of having been aware, at the time of the sale, of the danger of eviction.

It is much more than an exclusion of warranty; it is an exclusion of *recourse* against the vendor, as well. "This sale is made without any warranty *or recourse*," etc. "Recourse" on whom? Necessarily the seller. The words are there, have a meaning and must be given effect. They were part of the contract and can not be "read" out of it. They were intended to have meaning. These words "or recourse" carry but one idea and that is that, thereafter, there was to be no reversion or coming back upon the seller in consequence of anything which might happen to the buyer because of his purchase of the property.

'Not only do I not warrant the title to this square of ground', says the seller. 'but if you are evicted you are to have no claim on me for restitution of the price'. This was what was evidently meant by the seller when he took care to write into this contract of sale *exclusion of recourse* as well as exclusion of warranty.

Words are to be understood in their ordinary significance. "No recourse" means no access to, no return, no coming back upon, no assumption of any liability whatsoever, no looking to the party using the term for any reimbursement in case of loss, or damage, or failure of consideration in that which was the cause, the motive, the object, of the undertaking or contract.

The seller had the right to stipulate for this exclusion of recourse. This record furnishes justification for it, if such were needed. The buyer could lawfully agree to the same, and did.

Agreements legally entered into have between the parties thereto the force and effect of law. Courts must give effect to them.

The seller in this instance was conveying only a title he had acquired at tax sale. He was selling at a price below what he considered the value of the property because it was a tax title. That was understood between the parties.

The element of speculation entered into it on the part of the buyer. He had objected to a larger price because of the fact that he was buying a tax title.

In saying this the court is not to be understood as holding, or intending to convey the idea, that a title derived from a tax sale is looked upon as sufficient to notify purchasers that there is danger of eviction.

But where the seller and buyer make this the subject of discussion and bargain, and because of the origin of the seller's title a difference. was made in price, as here appears, it furnishes alike a reason why the seller should stipulate that no recourse for the price was to be made upon him, and why the buyer should assent to the same.

As this seller did so stipulate and this buyer did so assent, the latter must be held to his bargain. He has no cause of complaint, and the judgment appealed from does him no wrong.

Affirmed.

Rehearing refused.