DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

### DURING THE YEAR 1905.

---

### A. J. Whipple, et al., v. Walter D. Tucker.

#### Gen. No. 11,943.

1. · CUSTOM OF TRADE—*what essential to establish competency of.*
To render a custom of trade competent and material, it is essential that
it be made to appear that such custom was general in character.

2. CUSTOM OF TRADE—*when proof of, incompetent.* Proof of a
general custom of trade is incompetent where the evidence if admitted
would have tended to vary the express stipulations of the parties.

3. PROPOSITIONS OF LAW—*when inartificially drawn.* A proposition
of law is inartificially drawn which contains a mixed question of law
and fact and which assumes the existence of facts in dispute.

4. PROPOSITIONS OF LAW—*when inartificially drawn.* A proposi-
tion of law which is nothing more nor less than a finding upon a matter
of fact, is properly refused.

5. TROVER—*when tender not essential to maintenance of.* Trover
may be maintained without a tender where it appears that the defend-
ant sold the stock of the plaintiff in violation of the agreement under
which it was held.

Action in trover. Appeal from the Circuit Court of Cook County;
the Hon. JULIAN W. MACK, Judge. presiding. Heard in the Branch
Appellate Court at the October term, 1904. Affirmed. Opinion filed
October 27, 1905.

Statement by the Court. This is an action in trover by
appellee against appellants. The declaration contains only
one count. A plea of the general issue was filed.

On April 1, 1901, appellants, who were stock brokers and

(223)

co-partners doing business as A. J. Whipple & Co., bought for appellee fifty shares of the common capital stock of the American Tin Can Company at the price of $1,456.25. Appellee had paid them, to be used in said purchase, $816.75. The balance of the purchase price was advanced by appellants, who took and held the certificate for the stock as collateral security for the amount advanced.

Appellants introduced evidence tending to show that on May 9, 1901, a panic occurred in the stock market, and that the fifty shares of stock were sold by them when the price of this stock dropped below the margins put up by appellee; that appellants notified appellee before noon on May 9, 1901, by a telephone message that the stock was sold at about 11:30 of that day; that appellee went to the office of appellants about noon on May 9, 1901, and then learned that his stock had been sold, and that he was again notified by appellants in the afternoon of the same day while he was at appellants' office that the stock had been sold.

Appellee expressed surprise when he first learned that his stock had been sold, and said to Whipple, one of appellants, that they had no right to sell him out, and that he was prepared to take up the stock if necessary. Appellee went to appellants' office on May 10, 1901, and had substantially the same conversation with appellant Alling, who said he would see if things could not be straightened out. Appellee on that occasion tendered to appellants a check for $600 and $50 in currency, and Alling said to him: "Don't get excited. I don't know what price your stock sold at. I don't know whether it sold at ten or twelve, maybe it was not even sold at all."

It was stipulated on the trial that appellants did not call on appellee for margins prior to or at the time they claim to have sold the stock, nor did they notify him of their intention to make such sale, either at or prior to the sale.

A written notice was sent to appellee, notifying him that the stock was sold, which was received by him on May 13, 1901.

A jury was waived and the cause was submitted to the

court. The court found for appellee, assessing his damages at $641.45, and gave judgment for that amount.

C. B. WILSON, for appellants.

PAM & HURD, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

It is urged in behalf of appellants that the trial court erred in excluding evidence of the custom among brokers in the city of Chicago who are members of the Stock Exchange.

The witness, Alling, to whom the question was propounded had testified that he was a member of the Chicago Stock Exchange, but he had not testified to any knowledge of the rules or custom of the exchange, or that there was any general custom among stock brokers, or that appellee had knowledge of it. The proper foundation had not been laid therefore for the introduction of the testimony of the witness as to the supposed custom.

In the second place, the witness had testified that he had expressly told appellee that when appellants wanted any margins they would call for them. And further, it appears from the stipulation of the parties, before the court, that appellee, before the time of the purchase of the stock, had paid $816.75 to appellants, to be used in the purchase, and that the balance of the purchase price was advanced and paid by appellants, who took and held the certificate for the shares as collateral security for the amount so advanced. The stock then was held under a special agreement between the parties, and any custom among brokers as to requiring margins from their customers was not material. Proof of a custom in regard to requiring margins would have tended to vary the express terms of the contract between the parties. The ruling of the court, we think, was correct for these reasons.

At the trial appellants submitted to the court to hold

as law in the decision of the case the following propositions:

1. "The court finds, as a matter of law, that under the pleadings and evidence in this case the plaintiff is not entitled to recover."

2. "The court finds, as a matter of law, under the evidence in this case, that at the time said stock was sold by the defendants the said plaintiff was not entitled to the immediate possession of said shares of stock, and that therefore the plaintiff cannot recover in this case."

The court refused to hold them, and error is assigned on the action of the court.

We think the court did not err in refusing to hold the propositions. The first proposition presents a mixed question of law and fact. A proposition presented to the court trying a case without a jury should state a rule of law only, and in no case should it assume the existence of facts in dispute. Lord v. Board of Trade, 163 Ill. 45. There was evidence before the court tending to authorize a recovery. The proposition required the court to pass upon a controverted question of fact. There was no question of a variance between the pleadings and the proof. The statute does not contemplate that under the cloak of written propositions of law a party litigant shall have the right to call upon the court to find in his favor the facts involved in the evidence. It follows, therefore, that the trial court in refusing to hold the first proposition committed no error. First Nat. Bank v. Northwestern Bank, 152 Ill. 296.

The second proposition which the court was requested to hold, in effect, required the court to make a finding of fact. The court properly marked it refused. Order of Foresters v. Schweitzer, 171 Ill. 325.

We can see no reason for reversing this judgment. The stock was the property of appellee. When appellee tendered to appellants the amount advanced by them for which they held the stock as collateral security they were bound to deliver the stock to appellee. This they failed to do, and in so failing to deliver it, converted it to their own use.

Under such circumstances appellee had the right to recover the value of the stock from appellants less the amount of his indebtedness to them. Kellogg v. Holly, 29 Ill. 437. Indeed, upon the theory of appellants that they had sold the stock in violation of the agreement under which they held it, without a request for the payment of the advance made by them, or notice of their intention to sell it, no tender was necessary before appellee's right of action accrued. Otter v. Williams, 21 Ill. 118; Hale v. Barrett, 26 Ill. 195; Sinamaker v. Rose, 62 Ill. App. 118; Kilpatrick v. Dean, 3 N. Y. Sup. 60; Sheridan v. Presas, 41 N. Y. Sup. 451; Glidden v. Mechanics' National Bank (Ohio), 42 N. E. 995.

We find no error in the record. The finding and judgment of the court must be sustained on the merits. The judgment is affirmed.

*Affirmed.*