FOURNET, Justice.
 

 The Guardian Homestead Association filed a foreclosure proceeding via executiva against Edwin J. Mazerat on a certain vendor lien note, executed by him to secure the purchase price of the real estate against which the foreclosure is directed. The vendee filed proceedings to enjoin the sale of the property as scheduled and to have the sale, whereby he acquired the property, declared null and void, and further to recover judgment against the association’in the sum of $2,311.72 for money paid on the purchase price of the property, together with certain expenditures for improvements, taxes, etc., plus $500 as attorney’s fees.
 

 In response to the rule nisi which was issued pursuant to vendee’s petition, the association filed exceptions of no cause and no right 'of action and misjoinder of necessary parties defendant. . The exceptions of no cause and no right of action were maintained. Remedial writs were applied for but refused by this court. The
 
 *713
 
 association then filed exceptions of no cause or right of action to the merits of the petition, and vendee countered by filing a plea of res adjudicata to the said exceptions. The exceptions of no cause or right of action were sustained, and the vendee has appealed.
 

 The basis of the action by the vendee to enjoin the sale of the property and for the money demand is founded upon the provisions of articles 2452 and 2505 of the Revised Civil Code, which read as follows:
 

 “2452^ The sale of a thing belonging to another person is null; it may give rise to damages, when the buyer knew not that the thing belonged to another person.”
 

 “2505. Even in case of stipulation of no warranty, the seller, in case of eviction, is liable to a restitution of the price, unless the buyer was aware, at the time of the sale, of the danger of the eviction, and purchased at his peril and risk.”
 

 The exceptions of.no right and cause of action filed in response to the rule nisi and on the merits were based on the fact that the deed, whereby the vendee acquired the property, contains a stipulation excluding recourse, as well as warranty, which was held to mean that, “should the buyer be subsequently evicted, he has no, claim upon the seller for restitution of the price,” Lyons v. Fitzpatrick, 52 La. Ann. 697, 27 So. 110.
 

 Counsel for Mazerat (the vendee), on filing a plea of res adjudicata to plaintiff's second exceptions of no cause or right of action, evidently failed to take into consideration that at the time of the filing thereof the first exceptions were filed in response to the rule nisi and the latter exception to the merits. While he argued that the lower court failed to pass upon the plea of res adjudicata, we think that the court, in maintaining the exceptions of no right and no cause of action, necessarily overruled his plea.
 

 Counsel for the vendee argued that the fundamental basis for the decision in the case of Lyons v. Fitzpatrick is that the buyer in that case was aware at the time of the sale of the danger of eviction, and he purchased at his own peril and risk, but that in the case at bar the purchaser was not aware of the danger of eviction at the time of the execution of the act of sale, and therefore, even though there is incorporated in the act of sale a clause excluding recourse, as well as warranty, the cited case does not apply, but article 2505 is applicable, and hence vendee is entitled to have a restitution of the price paid, as well as expenditures made on the property.
 

 The pertinent part of the act of conveyance in question reads as follows:
 

 “And the said Thomas President for said Association and its assigns, the said property and appurtenances to the said purchaser, heirs, and assigns, shall and will warrant forever defend against the lawful claims of all persons claiming or to claim by, through or under said Association, and its assigns and none others.
 

 
 *715
 
 “And the said Association through its said Thomas President does moreover subrogate the said purchaser to all the rights and actions of warranty which the said Association has or may have against all former owners of said property, fully authorizing the said purchaser to exercise the said rights and actions in the same manner as said Association itself might or could have done,
 
 the whole without recourse.
 
 (Italics ours.)
 

 “And the said Association through its said Thomas President, now declares that the fact of this Association failing to warrant the title of said property against the lawful claims of persons, other than those claiming by, through or under said Association and its assigns, must not and ought not to be construed as casting a doubt, or cloud upon the title of said property, but must and ought to be simply considered as done by said Association, in accordance with general rules applying to all properties whose ownership become vested in said Association temporarily only, and merely for purposes of security as regards amounts due the Association by its members.”
 

 The phrase “the whole without recourse” necessarily qualifies the subject-matter immediately preceding; that is, the sale with subrogation of warranty but without warranty other than against its own acts. The last or third paragraph explains the reason therefor.
 

 ' From an examination of the act of conveyance, it appears that the association acquired the property simply for the purpose of effecting a loan because the act recites that the property was acquired by the association from Bernard J. Mertzweiller on the 19th day of July, 1928, the same day on which the act in question was executed. This explains the presence of the three clauses above cited in the act. In other words, the Homestead Association was not in the real estate business, but rather in the business of making loans to property owners or those who wished to become property owners and lacked the necessary funds with which to pay the purchase price thereof. Necessarily, the association had no interest or reason in warranting title to property it was holding for security only.
 

 In the case of Lyons v. Fitzpatrick, supra, 52 La. Ann. 697, 700, 27 So. 110, the court said:
 

 “Words are to be understood in their ordinary significance. ‘No recourse’ means no access to; no return; no coming back upon; no assumption of any liability whatsoever; no looking to the party using the term for any reimbursement in case of loss or damage or failure of consideration in that which was the cause, the motive, the object, of the undertaking or contract. The seller had the right to stipulate for this exclusion of recourse. * * *
 
 As this'seller did so stipulate, and this buyer did so assent, the latter must be held to his bargain.”
 
 (Italics ours.)
 

 We think that the seller in the act in controversy had a right to embody there
 
 *717
 
 in such stipulations as its representative deemed proper to adequately protect it from unnecessary risk, the purchaser assenting thereto, and, there being nothing therein against public policy, the vendee must therefore be held to his bargain.
 

 The purchaser not having alleged fraud on the part of the association at the time of the execution of the sale, it is our opinion that his allegations that the collections on the note, made after it had knowledge that the city of New Orleans had successfully. prosecuted a suit with reference to property on the same street and was similarly claiming title to fourteen feet six inches of vendee’s property, amounted to fraud, is without merit.
 

 For the reasons assigned, the judgment of the district court is affirmed.