## The Garofalo Company, Inc., Appellant, v. St. Mary's Packing Company, Appellee.

### Gen. No. 44,767.

Opinion filed January 19, 1950. Released for publication February 21, 1950.

FREEMAN & FREEMAN, of Chicago, for appellant; EARL FREEMAN, of Chicago, of counsel.

WAYNE & LEVINE, of Chicago, for appellee; EDWARD LEVINE, of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

The Garofalo Company, Inc., filed in the municipal court of Chicago its third amended statement of claim containing five counts, against St. Mary's Packing Co., asking judgment for $2,240.45. Defendant's motion to strike this pleading was sustained and judgment was

entered against plaintiff, to reverse which it appeals. This amended statement of claim alleged in Count I that on April 20, 1946, in Chicago, plaintiff orally agreed to purchase and the defendant, through its duly authorized agent, orally agreed to sell to it, 950 cases of Del-Mar Tomato Juice, for which plaintiff promised to to pay on delivery, and that defendant by its agent issued to plaintiff a memorandum of sale, attached as Exhibit A. This exhibit shows a sale by defendant to plaintiff of 900 to 1,000 cases of "rusty" Cans of Tomato Juice at $2 a case delivered "as is no recourse." Plaintiff averred that at the time of delivering a copy of Exhibit A to plaintiff, defendant's authorized agent "did expressly state to the plaintiff that the terms 'rusty' and 'as is' did refer only to the outside condition of the cans, but that the said cans and contents therein would be fit for the purpose of resale to others and for ultimate human consumption." Plaintiff further alleged that acting in reliance thereon, it accepted delivery of the goods on or about May 5, 1946, and at that time received defendant's invoice, copy of which is attached as Exhibit B, and that it paid the amount of the invoice to defendant. Plaintiff further alleged that after this delivery it purported to sell a portion of the goods, but that the purchasers returned the same to it as being unfit for human consumption in that the rusty condition of the cans did penetrate the cans and did cause spoilation of the contents thereof; that plaintiff then and there communicated the fact to defendant and orally requested the latter to accept reshipment, which defendant orally agreed to do, advising plaintiff to await shipping instructions; that defendant failed to issue shipping instructions for a long period of time, notwithstanding numerous requests; that on November 14, 1946, "because of the condition of said goods and the cans containing the said goods, the Health Department of the City of Chicago condemned the same as be-

ing detrimental to health and unfit for human consumption, and the same was confiscated and destroyed.''

It will be observed that there is no allegation that the contents of the cans were unfit for human consumption. The allegation that the purchasers returned the merchandise ''as being unfit for human consumption'' is not an allegation that the contents were unfit for human consumption. The allegation that approximately six months after the delivery of the merchandise to plaintiff ''because of the condition of the said goods and the cans containing said goods, the Health Department of the City of Chicago condemned the same as being detrimental to health and unfit for human consumption and the same was confiscated and destroyed,'' is not an allegation that at the time the merchandise was delivered to plaintiff the contents were unfit for human consumption. We cannot find in Count I of the complaint any allegation that the merchandise was unfit for human consumption.

Count II is substantially the same as Count I with the exception of par. 3, which reads:

''3. That at the said time and place aforesaid there was an implied warranty that except for the 'rusty' exterior condition of the said cans that the said cans and contents therein would be fit for the purpose of resale to others and for ultimate human consumption.''

Count III is substantially the same as Count I with the exception of par. 3, which reads:

''3. That at the said time and place there was a custom and usage in the wholesale canned food products trade and business that the words 'as is no recourse' when used in connection with the sale of canned food items, referred only to the exterior condition of the cans or containers and had no reference to the condition of the contents of said cans or containers.''

Count IV is substantially the same as Count I with the exception of par. 3, which reads:

"3. That at the time and place aforesaid there was an implied warranty that the bulk of the cans shall correspond, insofar as the exterior rusty condition of the cans are concerned, with the samples shown to the plaintiff, and that except for the rusty exterior condition of the said cans, that the said cans and contents therein would be fit for the purpose of resale to others and for ultimate human consumption."

Count V is substantially the same as Count I with the exception of par. 2, which reads:

"2. That at the said time and place aforesaid the said agent of the defendant acting by and through one Matteson did issue to the plaintiff a buyer's copy of the said memorandum of sale, a copy of which is hereto attached and made a part hereof as Exhibit 'A,' and did fraudulently and with the intent to defraud the plaintiff represent and warrant that notwithstanding the exterior rusty condition of the cans that the said cans and contents therein would be fit for the purpose of resale to others and for ultimate human consumption, which said representation and warrant was known to be false at the time and place of making same, and made solely for the purpose of inducing the plaintiff to purchase the aforesaid goods, and that the plaintiff did rely thereon and did enter into the said sale to its detriment."

 Motions to dismiss admit facts well pleaded, but not conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest. *Skidmore v. Johnson,* 334 Ill. App. 347, 357. Pleadings are construed most strongly against the pleader. Plaintiff maintains that the express statement of defendant that the words "as is" referred only to the exterior condition of the cans, clearly defined these words and must be given effect. It is plaintiff's position that the first count properly alleges an express warranty which was breached by

the defendant. Plaintiff asserts that it does not attempt to negative or vary the words "as is, no recourse" as used in the memorandum of sale. The words "as is, no recourse" when considered together and applied to the "rusty" cans of tomato juice sold, clearly state the intent of the parties. Exhibit A is binding on both parties. It is obvious that plaintiff did not purchase cans, but cans of tomato juice. It will be noted that par. 4 of Count I states that the rusty condition of the cans "did penetrate the cans and did cause spoilation of the contents thereof." In plain language, the parties contracted that the cans of tomato juice were to be delivered "as is" and that plaintiff would have no recourse. Words are to be understood in their ordinary significance. "No recourse" means no access to, no return, no coming back upon, no assumption of any liability whatsoever, no looking to the party using the term for any reimbursement in case of loss, or damage, or failure of consideration in that which was the cause, the motive, the object, of the undertaking or contract. *Awotin v. Atlas Exchange Nat. Bank,* 275 Ill. App. 530, 546; *Lyons v. Fitzpatrick,* 52 La. Ann. 697, 699; *Guardian Homestead Ass'n v. Mazerat,* 182 La. 710, 162 So. 574.

 In *Illinois Cent. R. Co. v. National Sand & Gravel Co.,* 17 La. App. 623, 136 So. 652, the court said that an invoice specifying the sale of a second-hand locomotive "as is" meant condition when sold. In *Roby Motors Co. v. Cade* (La. App.), 158 So. 840, the court said that the expression in a sales agreement that goods are sold "as is" implies that the buyer is taking delivery of goods in some way defective and upon express condition that he must trust to his own examination. We agree with defendant that in the instant case the language used in the written contract is clear and unambiguous and that parol evidence is not admissible to add another term to the agreement. In *Armstrong*

*Paint & Varnish Works v. Continental Can Co.,* 301 Ill. 102, the court said (106):

"All conversations and parol agreements between the parties prior to the written agreement are so merged therein that they cannot be given in evidence for the purpose of changing the contract or showing an intention or understanding different from that expressed in the written agreement. . . . But the contentions of the parties to the contract are not the criterion which should guide the court in determining whether the written contract is a full expression of the agreement of the parties. The court must determine this from the writing itself. If it imports on its face to be a complete expression of the whole agreement,— that is, contains such language as imports a complete legal obligation,—it is to be presumed that the parties introduced into it every material item and term, and parol evidence cannot be admitted to add another term to the agreement although the writing contains nothing on the particular term to which the parol evidence is directed."

Plaintiff purchased the cans of tomato juice in the condition that they were in when sold. In our opinion the words "as is" included the contents as well as the cans. Plaintiff also purchased the merchandise with the understanding that it would have no recourse against defendant. At the time of purchase plaintiff understood that it was taking the merchandise "as is," and that it could not look to the defendant for reimbursement in case of loss or damage because of the condition of the merchandise.

On a trial of the case (assuming the court denied defendant's motion) it would be the duty of the court to exclude parol evidence in support of plaintiff's averments. Plaintiff would not be permitted to introduce testimony that the words "as is" referred only to the outside condition of the cans, and of an express

warranty that the contents of the cans would be fit for human consumption. Manifestly, the attempt to prove these averments would violate the parol evidence rule. The second count is based on an implied warranty. The parties by an express agreement may negative an implied warranty. We have held that they did so in the instant case. See *Sterling-Midland Coal Co. v. Great Lakes Coal & Coke Co.,* 334 Ill. 281. The third count avers that there was a custom and usage in the wholesale canned food products trade and business that the words ''as is no recourse'' when used in connection with the sale of canned food items, referred only to the exterior condition of the cans or containers and not to the contents. Proof of custom and usage is only admissible to show the intention of the parties in the absence of special agreement, or to ascertain, explain and fix the terms of a contract. Such proof is inadmissible to vary the terms of an express contract. We have held that the attempt to prove plaintiff's averments would be an attempt to vary the terms of the written contract. Therefore, the third count is vulnerable to the motion to dismiss. See *Turner v. Osgood Art Colortype Co.,* 223 Ill. 629; *Illinois Masons' Benevolent Society v. Baldwin,* 86 Ill. 479; *Lonergan v. Stewart,* 55 Ill. 44; *Marine Bank of Chicago v. Birney,* 28 Ill. 90 and *Whipple v. Tucker,* 123 Ill. App. 223.

 Count IV is based on an implied warranty that the bulk of the cans shall correspond ''insofar as the exterior rusty condition of the cans are concerned, with the samples shown to the plaintiff, and except for the rusty exterior condition of the said cans, that the said cans and contents therein would be fit for the purpose of resale to others and for ultimate human consumption.'' There is no allegation that any samples were shown to the plaintiff, or that the condition of the cans delivered to plaintiff was different from the cans, if any, shown to the plaintiff. In our opinion, Count IV

419

could only be proved by violating the parol evidence rule and does not state a cause of action. Count V is substantially the same as Count I with the exception of par. 2, which avers that defendant, fraudulently and with the intent to defraud the plaintiff represented and warranted that notwithstanding the exterior condition of the cans, that the cans and the contents would be fit for the purpose of resale to others and for ultimate human consumption, ''which said representation and warrant was known to be false at the time and place of making same, and made solely for the purpose of inducing the plaintiff to purchase the aforesaid goods, and that the plaintiff did rely thereon and did enter into the said sale to its detriment.'' There is no averment that at the time of delivery the goods were not fit for human consumption. In order to sustain this count plaintiff would necessarily have to attempt to prove a warranty contrary to the language of the contract. It would not be permitted to do this. It is obvious that the fifth count is subject to the criticism leveled at the other counts.

For the reasons stated, the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

LEWE, P. J., and KILEY, J., concur.