COLE, Judge.
The purchasers of royalty interests filed a petition seeking as damages a diminution in the purchase price paid based upon the discovery the interest actually conveyed was smaller than that intended to be conveyed, due to a prior reservation of royalty rights. The sellers answered asserting as a defense the waiver of warranty, even as to return of the purchase price, set forth in the act of transfer, a royalty deed. Cross motions for summary judgment were filed. The trial court granted the sellers’ motion and denied the purchasers’ motion. The purchasers now appeal this ruling.
The issue presented is whether or not the contractual waiver of warranty effected a concomitant waiver of the codal obligation of delivery owed by the sellers. Additionally, we consider the applicability of La. Civ. Code art. 2481 to the transaction between the parties as regards fulfillment of the seller’s obligation to deliver.
By royalty deed dated September 12, 1980, John E. Walker and Annie Hudson Walker, defendants, conveyed to Callón Royalty Fund-1980 and Pacific Royalty Fund-1980, petitioners, certain royalty interests. The royalty deed stated in pertinent part:
“Tract 1: Two certain lots located in the State of La., Parish of Livingston, in that subdivision known as Sharee Place and being designated according to the official plat of said subdivision made by Dawson Engineers recorded in Book 192, Entry 103835 of the Conveyance Records of Livingston Parish, as Lots 30 & 31, said subdivision lots measuring 100' x 407'.
“Tract 2: Lot 24 located in Sharee Place Subdivision containing 0.92 acres, more or less, in Section 38, T-6-S, R-3-E, Livingston Parish, Louisiana, as per plat of said subdivision made by Dawson Engineers, recorded in Book 192, Entry 103835 of the official records of Livingston Parish, State of Louisiana.
“Tract 3: Lots 171 and 172 of Magnolia Estates containing 0.32 acres located in Section 41, T-6-S, R-3-E, Livingston Parish, Louisiana.
“It is intention of Grantor to convey 4.51 net royalty acres.
“Notwithstanding anything contained herein to the contrary, Grantors warranty, even as to return of purchase price, into and unto royalty rights transferred hereunder, is limited to defense for any act committed by Grantor which would impair warranty rights transferred hereunder. Grantor does subrogate Grantee to any and all rights and action of warranty which Grantor does possess.
“For the purposes hereof, a Royalty Acre equals one-eight (sic) (Vs) of the gross production allocated or allocable to an acre of land.
“The royalty interests and rights herein sold, transferred and conveyed are:
(a) All of grantors interest of the whole of any oil, gas or other minerals, except sulphur, on and under and to be produced from said lands; ...”
At the time of conveyance it was known Tract 1 and 2 were subject to a mineral lease to Amoco Production Company. The mineral lease provided for a one-fifth landowner’s royalty. However, subsequent to the conveyance it was determined Tract 1 and 2 were subject to prior reservation of a one-twentieth royalty of all the oil, gas and other minerals in favor of Andrew L. Erwin. This reservation is contained in a July 19, 1972 act of partial partition. Due to this reservation the petitioners will re *623 ceive 3.77 royalty acres not the 4.51 royalty acres indicated in the royalty deed.[1]
The petitioners contend this conveyance is a sale of an immovable by price per measure.[2] They argue, therefore, pursuant to La.Civ.Code art. 2492, they are entitled to a proportionate diminution of the purchase price because less royalty acres were delivered than are indicated in the royalty deed.
The trial court considered the legal effect of the following clause contained in the royalty deed to be dispositive:
“Notwithstanding anything contained herein to the contrary, Grantors warranty, even as to return of purchase price, into and unto royalty rights transferred hereunder, is limited to defense for any act committed by Grantor which would impair warranty rights transferred hereunder. Grantor does subrogate Grantee to any and all rights and action of warranty which Grantor does possess.”
The trial court held the clause constituted a waiver of the right of petitioners to be entitled to a return of any part of the purchase price based upon a variance in the amount of royalty acres received.
On appeal the petitioners contend the waiver of warranty can not constitute a concomitant waiver of the obligation of delivery which is owed by defendants. As authority for this proposition petitioners cite La.Civ.Code art. 2475 which indicates the obligation of delivery is a separate obligation from warranting the thing sold. This court, while noting such a contention may be true, is satisfied the defendants’ obligation of delivery has been met. Further, we agree with the trial court no part of the purchase price need be returned.
I.
La.R.S. 31:16 states a mineral royalty is one of the basic mineral rights that may be created. La.R.S. 31:18 defines a mineral right as an incorporeal immovable. A priori, a mineral royalty such as the one sub judice is an incorporeal immovable.
La.Civ.Code art. 2481 provides:
“The tradition of incorporeal rights is to be made either by the delivery of the titles and of the act of transfer, or by the use made by the purchaser, with the consent of the seller.”
The term “incorporeal rights” is broad enough to include both movable and immovable incorporeals.[3] The Louisiana Supreme Court in Deas v. Lane, 202 La. 933, 13 So.2d 270 (La.1943), indicates the proper codal article to apply to a mineral right in determining whether delivery is accomplished is art. 2481. Although the definition of mineral rights was clarified by the enactment of Title 31 in 1974, Deas remains a strong indicia article 2481 ought to apply in the present situation. In Deas the distinction between the seller’s obligations of delivery and of warranty were examined.
The royalty deed contains a description of the three tracts of land indicating “all the grantors (sic) [royalty] interest” in these tracts is conveyed to the petitioners. Further, the royalty deed provides for the method of delivery of royalty payments to the petitioners. These provisions serve to *624 accomplish delivery of the titles and of the act of transfer pertaining to the royalty interests. Therefore, the royalty deed satisfies the tradition required by art. 2481.
II.
The deficiency in royalty acreage arose from a defect in the defendants’ chain of title, the prior reservation of royalty by Mr. Erwin. This type of problem is typically covered by the seller’s warranting to the buyer peaceable possession of the thing sold. See La.Civ.Code arts. 2476, 2500-2501.
In In Re Canal Bank & Trust Co., 221 La. 184, 59 So.2d 115 (1952), notes having a face value of $40,000 were sold for $6,228.12 “without any warranty whatever, not even for the return of any part of the purchase price....” In a separate case the notes were held to be valueless due to a prior subordination. The purchaser sought to have the sale decreed null and void and to recover the purchase price of the notes.
The Louisiana Supreme Court emphasized the notes were purchased without warranty and with specific agreement the purchase price would not be returned. The court held such an agreement is not against public policy and the parties having so contracted are bound by their agreement. The court relied upon La.Civ.Code art. 2503 which states:
“The parties may, by particular agreement, add to the obligation of warranty, which results of right from the sale, or diminish its effect; they may even agree that the seller shall not be subject to any warranty.
“But whether warranty be excluded or not the buyer shall become subrogated to the seller’s rights and actions in warranty against all others.”
Reasoning the parties specifically agreed as to no return of the purchase price the court held the provisions of La.Civ.Code arts. 2504-2505 concerning seller’s warranties did not apply. In reaching its conclusion the court cited the earlier case of Guardian Homestead Ass’n v. Mazerat, 182 La. 710, 162 So. 574 (1935) which, in turn, relied upon the case of Lyons v. Fitzpatrick, 52 La.Ann. 697, 27 So. 110 (1900). In each of these antecedent cases there was consideration of language in the act of conveyance diminishing the codal imposition of warranty. Specifically, the vendor stipulated the sale was “without recourse.” This is not unlike the instant case in which the seller limited his warranty “even as to return of the purchase price.” The commonality of the phrases was noted in Lyons when that court explained:
“ ‘No recourse’ means no access to; no return; no coming back upon; no assumption of any liability whatsoever; no looking to the party using the term for any reimbursement in case of loss or damage or failure of consideration in that which was the cause, the motive, the object, of the undertaking or contract.” (Emphasis ours.) 27 So., at 111.
In the present case the waiver of warranty “even as to return of the purchase price” is to be given the same effect as was given the almost identical clause in In Re Canal Bank & Trust Co., supra. The effect of art. 2505 is superceded by the parties’ agreement specifically indicating no return of the purchase price.[4]
For the foregoing reasons, no diminution in the purchase price paid under the royalty deed shall be allowed. There is no genuine issue for trial. The summary judgment of the trial court is affirmed. *625 Costs of this appeal are assessed against the appellant.
AFFIRMED.

. The petitioners in brief indicate this reservation causes only 3.402 royalty acres to be received. However, their allegation of a July 24, 1980 sale by defendants to Westport Petroleum, Inc. of one-half of one-half of one-fifth of eight eighths of the minerals on or under lot 24 is not supported by the evidence. Exhibit P-7, which petitioners introduced to substantiate this allegation, refers to land which is not transferred by the royalty deed in question in this case.

. By affidavit of Wayne A. Potter, vice-president of Callón Petroleum Company, it is indicated the conveyance was for $6,000 per royalty acre, $27,060 for 4.51 royalty acres.

. Although La.Civ.Code art. 2479 concerns delivery of immovables, the term "immovables” contained in the article is not as specific as the term “incorporeal rights" contained in art. 2481. Further, La.Civ.Code art. 470 defines incorporeal immovables as rights and actions that apply to immovable things. From this definition the inference can be drawn a difference in treatment for incorporeal immovables, as compared to immovables, may be required because they are defined by the Civil Code as a distinct legal concept from immovables. Cf. Yiannopoulos, Movables and Immovables in Louisiana and Comparative Law, 22 La.L.Rev. 517, 554 (1962).

. The petitioners’ argument for a diminution of purchase price is predicated upon the inclusion in the royalty deed of the line "It is intention of Grantor to convey 4.51 net royalty acres." The failure of defendants to meet this enumerated royalty acreage is alleged to give rise to a partial eviction. The waiver of warranty clause states in part, "Notwithstanding anything contained herein to the contrary....” The line indicating the royalty acreage conveyed may be construed as contrary to the waiver of warranty. Therefore, the requirement of providing 4.51 net royalty acres may be read as having no effect in terms of the obligations owed by the defendants to the petitioners.